# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LINDA A. DIAS | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-17-3281 |
| STATE OF MD JUDICIARY, TAMARA CHESTER, KRIS DONAGHY, CAMILLE BLAKE, KATHLEEN SNOWDEN, and ELAINE ALLEN | * * * * | |
| Defendants | | |

***

## MEMORANDUM

The self-represented plaintiff, Linda Dias, is an employee of the Maryland judiciary. On November 1, 2017, she filed suit against a host of defendants, including the "State of MD Judiciary." ECF 1. Dias asserted violations of the "Americans With Disability Act" ("ADA") and "Title I (Employment)." *Id.* at 4.

On December 1, 2017, plaintiff was granted 28 days to supplement her complaint. ECF 2. In directing plaintiff to supplement the complaint, the court noted that it could not discern whether plaintiff had stated a cognizable claim. *Id*.

Plaintiff has not filed an amended complaint. Instead, on December 21, 2017, plaintiff filed "supplemental information," consisting of eight three-ring binders filled with documents marked as "exhibits." ECF 3. The submission is so voluminous that the documents were not scanned into this court's electronic docket. Rather, they were filed in paper format only. Dias has not attempted to explain the relevance of the exhibits or how the exhibits serve to illuminate the claims she is asserting.

One "exhibit" provides a partial narrative of plaintiff's claims, but it is not identified as an amended complaint. *See* ECF 3 at Ex. D-2 – D-4. Included among the other exhibits provided by plaintiff are copies of excerpts from an employee handbook for the Maryland Judiciary published by the Judiciary Office of Fair Practices (Ex. A); a copy of the Maryland Judiciary policy on the ADA Act (Ex. B); a copy of plaintiff's job description as a Drug Court Coordinator in the Anne Arundel County District Court (Ex. C); EEOC intake forms (Ex. E); emails and correspondence between plaintiff and her supervisors (Ex. F – J); a letter of March 16, 2016, from the Maryland Judiciary's Office of Fair Practice, closing its investigation into plaintiff's claims (Ex. S); a letter of April 11, 2017, from the Maryland Commission on Civil Rights stating there is no probable cause to believe a violation of law occurred in plaintiff's case (Ex. T); plaintiff's job performance evaluations (Ex. OO – ZZ-7); Explanation of Benefits from plaintiff's health insurance company and medical bills (Ex. AAA – AAA-189); a handwritten daily log of activities at plaintiff's work site (Ex. BBB); plaintiff's time sheets (Ex. CCC); and more than 100 pages of pictures of an office cubicle (Ex. DDD – DDD-105).

The complaint, as supplemented, fails to conform with basic pleading requirements as set forth in Fed. Rule of Civ. Proc. 8(a)(2). The Rule requires "a short and plain statement of the claim showing that the pleader is entitled to relief." And, Rule 8(e)(1) requires that each averment of a pleading be "simple, concise, and direct." Moreover, a pleading must give the court and the defendants "'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swirkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The nature of plaintiff's claims may be buried somewhere in the 800 plus pages of exhibits she filed. But, there is no discernible method to locate which of the documents

presented contain the statement of plaintiff's intended claims.[1] And, it is not the role of this court to sort through the numerous pages of documents submitted to piece together the claims plaintiff may have intended to raise, or to attempt to discern the evidentiary value of the information contained in the documents. The complaint, as supplemented, "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be," and also imposes an undue burden on the court to sort out the factual basis of any claims fairly raised. *Holsey v. Collins*, 90 F.R.D. 122 (D. Md. 1981); *see also Spencer v. Hedges,* 838 F.2d 1210 (Table) (4th Cir. 1988).

To be sure, a district court has a duty to construe liberally the pleadings of a self-represented litigant. *Erickon v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, plaintiff must allege facts that state a cause of action. *See Beaudett v. Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating that duty to construe liberally does not require courts to conjure up questions never squarely presented). In short, it is plaintiff's responsibility to construct the claims that comprise the basis for the complaint, not that of the court or the defendants.[2]

In light of the fact that plaintiff paid the full filing fee, and out of an abundance of caution, plaintiff will be granted a brief opportunity to file an amended complaint stating only the facts giving rise to her claims that she has been subjected to discrimination. In filing an amended complaint, plaintiff is reminded to limit the pleading to a concise narrative of the events

---

[1] Plaintiff is advised that a complete and accurate copy all documents filed with the court as part of her complaint must be served on each defendant when and if the complaint is served. The cost for providing such copies will be assigned to plaintiff, not the court.

[2] Plaintiff is forewarned that continued filings such as that received in response to this court's order to supplement the complaint may be considered evidence of bad faith. *See* Fed. Rule of Civ. Proc. 11.

involving the named defendants. That narrative should describe the events and include the dates of the events as well as identification of the persons involved.

Again, plaintiff is forewarned that failure to file an amended complaint that complies with the guidelines contained in Fed. Rule of Civ. Proc. 8 will result in dismissal of the complaint, without prejudice.

An Order follows.


Date: January 17, 2018                                /s/
                                         Ellen L. Hollander
                                         United States District Judge